IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EPIMENIO CAMPOS, § | | |
|     Petitioner § | | |
| § | | |
| VS. § | C.A. NO. C-06-384 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Department of § | | |
| Criminal Justice–Correctional Institutions § | | |
| Division, § | | |
|     Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") and currently is incarcerated at the Jordan Unit in Pampa, Texas. The actions about which he complains took place in Bee County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 9, 2006 (D.E. 1). Petitioner claims (1) he was denied a speedy trial; (2) he had an alibi and (3) there is a problem with the calculation of his time credit. Respondent filed a motion for summary judgment on October 16, 2006 (D.E. 12) to which petitioner did not respond.

## BACKGROUND

**A. Procedural History**

Following a plea of not guilty, petitioner was tried in front of a jury in the 156th District Court of Bee County, Texas, which found him guilty of "Indecency with a Child-Exposure" and also found that he had previously been convicted of possession of less than 28 grams of cocaine

(Tr. 2, 55; 2 SF 145-146).[1]  Judgment was entered on March 9, 2004 and the court assessed punishment at 12 years incarceration in TDCJ-ID to run concurrently with any other sentence (Tr. 56).  Petitioner filed a notice of appeal on March 19, 2004 (Tr. 68) and on June 9, 2005 the Thirteenth Court of Appeals affirmed the judgment of the trial court.  Campos v. State, No. 13-04-236-CR, 2005 WL 1358989 (Tex. App.–Corpus Christi June 9, 2005, no pet.)(not designated for publication).

Petitioner filed a federal habeas corpus petition on December 20, 2004.  See Campos v. Dretke, No. 05-39 (S.D. Tex., December 21, 2005).  The petition was dismissed without prejudice for failure to exhaust state remedies because petitioner had not presented his claims to the Texas Court of Criminal Appeals.  Id.

In his current cause of action before this court petitioner claims that he filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals and that it is still pending (D.E. 1, p. 2).  In addition, petitioner states at one point the he has not filed a habeas petition but states at another point that he filed a state habeas petition on August 7, 2006 (D.E. 1, pp. 3, 9). Respondent counters that there is no record of petitioner having filed a PDR or a state habeas application.  Respondent argues that he is entitled to judgment as a matter of law because petitioner has not exhausted his state court remedies and also because his claim is barred by the statute of limitations.  In order to clarify whether petitioner had properly exhausted, petitioner was ordered to file a more definite statement, but he failed to timely comply with the order.

---

[1]"Tr." refers to the court proceedings and "SF" refers to the statement of facts.  Both are located at D.E. 11.

### B.  Statement of Facts

The following factual summary is from the Court of Appeals opinion:

> M.G. testified that, on or about July 22, 2003, she was playing with her little sister, A.G., in their back yard. M.G. was thirteen years old at the time. She noticed Campos, her neighbor, outside his house watching them. Campos was wearing a white towel and nothing else. After Campos had "stared" at them for approximately twenty minutes, A.G. told M.G. to "tell him something." M.G. yelled, "What are you looking at?" Campos responded with an expletive using a sexual connotation, opened the towel, spread his legs, and exposed himself. M.G. saw him nude; A.G. did not. Campos had stared at the two on prior occasions while they played outside.
>
> The children's mother testified that Campos often stared at the three of them. On that day, she was outside and saw him staring at her daughters. She went inside her home and looked out the window. She heard him say something to her daughters, spread his legs, and open the towel he was wearing, exposing himself. She called the police who arrived a few minutes later. By that time, Campos had gone into his house. She testified Campos usually wore a pair of tan shorts.
>
> The first officer at the scene testified that Campos admitted standing outside when the girls used profanity toward him. Campos denied exposing himself. At the time of his arrest, Campos was wearing tan shorts, which were admitted in evidence.
>
> For the defense, a neighbor testified that, on the day in question, she saw Campos wearing a white towel around his waist but that he was wearing beige colored shorts underneath. She had not previously seen him with a towel around his waist.

Campos, 2005 WL 1358989 at *1.

### C.  Petitioner's Claims

Petitioner claims that he was denied his constitutional right to a speedy trial and also that he had an alibi, namely that he was incarcerated in the Bee County Jail on the day he was supposed to have exposed himself to his neighbors. He makes a third claim regarding a previous 16-year sentence and appears to be making an argument regarding the calculation of his sentence, but the factual basis of his claim is unclear (D.E. 1, p. 7).

## APPLICABLE LAW

### A.  Exhaustion of Remedies

As set forth in the Memorandum and Recommendation filed in petitioner's earlier federal habeas claim, before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state.  28 U.S.C. § 2254(2).  An inmate seeking federal habeas relief, who in directly appealing his state criminal conviction has by-passed the Texas Court of Criminal Appeals, will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures.  Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).  In other words, before submitting the claims for federal habeas review, he must have raised his claim with the Texas Court of Criminal Appeals either in a petition for discretionary review or in an application for writ of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In petitioner's case, the state court of appeals affirmed his conviction on June 9, 2005, making the deadline for filing a PDR with the Court of Criminal Appeals July 11, 2005.  TEX. R. APP. P. 68.2 (Vernon 2003).  Petitioner claims both that he has a PDR pending with the Court of Criminal Appeals and also that he filed an application for habeas corpus relief in state court on August 7, 2006 (D.E. 1, pp. 3, 9).  Petitioner has provided no evidence of the filings and respondent provided affidavits from the Clerk of the Court of Criminal Appeals and also from a deputy clerk in the Bee County District Clerk's office stating that there is no record of petitioner having filed either a PDR or an application for habeas corpus relief (D.E. 12, Exs. A, B, C).

Even if petitioner had filed those documents, his claims are not considered exhausted until the Court of Criminal Appeals has ruled on them. Petitioner has neither alleged nor provided any proof that the Court of Criminal Appeals has ruled on his claims. Accordingly, this court is without jurisdiction to hear petitioner's claim. His habeas corpus cause of action should be dismissed for failure to exhaust administrative remedies.

**B.  Statute of Limitations**

Respondent also seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Petitioner filed his current application for writ of habeas corpus on August 9, 2006 and so is subject to the AEDPA provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997). Respondent argues that petitioner's claims are time-barred because his conviction became final on July 11, 2005 when the 30-day period for filing a PDR expired[2] and that he had one year from that date, or until July 11, 2006, to file a federal habeas action. Because he did not file it until August 9, 2006, respondent argues that it is time-barred.

However, as discussed above, petitioner has stated under penalty of perjury that he has both a PDR and a state habeas application pending and thus a fact issue exists regarding petitioner's pending state court filings. If petitioner has filed the state court documents, those filings would toll the statute of limitations. Nevertheless, because it is recommended that this case be dismissed without prejudice for failure to exhaust, it is not necessary to address the limitations issue at this time. In the event the district court does not adopt the recommendation based on exhaustion, or in the event the court makes a factual finding regarding the filing of the state court documents, the statute of limitations argument will be addressed.

**C. Certificate of Appealability**

Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

---

[2]TEX. R. APP. P. 68.2.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed for procedural reasons.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 12) be granted insofar as it seeks dismissal of petitioner's claim for failure to exhaust his state court remedies. Petitioner's cause of action for habeas corpus relief should be dismissed without prejudice for failure to exhaust.

Respectfully submitted this 6th day of February, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).